UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
FIDANKA LAZOROSKI and ZORAN LAZOROSKI,

                      Plaintiff,

         -vs.-

DESANTIS ENTERPRISES, INC. d/b/a HOWARD
JOHNSON'S RESTAURANT, JONATHAN LaROCK
and BILL SULLIVAN,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFFS DEMAND TRIAL BY JURY ALL ISSUES**
**VERIFIED COMPLAINT**
Civil Action
Docket No.
  1:23-cv-1060 (DNH/ATB)

      The Plaintiffs, Fidanka Lazoroski and Zoran Lazoroski, by and through their undersigned counsel, allege as follows:

## JURISDICTION

1. Jurisdiction of this Court is invoked by Plaintiffs pursuant to Title 28 of the United States Code, Section 1332 (a) based on complete diversity between the Plaintiffs and all the Defendants and the amount in controversy exceeds $75,000.00.

2. Venue is properly laid in the Northern District of New York under 28 U.S.C. §1391(a) (1).

## JURY DEMAND

3. Plaintiffs demand a trial by jury on all issues pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38.

## NATURE OF PROCEEDINGS

4. This is an action for damages owing to the Plaintiffs, Fidanka Lazoroski and Zoran Lazoroski, New Jersey residents and citizens, due to Defendants' negligence in the care, maintenance and operation of a Howard Johnson's Restaurant located at 2143 State Route 9, Lake George, New York 12845. This Court has jurisdiction based on the "diversity" of citizenship of the parties, 28 U.S.C. § 1332 (a) (1). Venue is based upon the citizenship of the Defendants Jonathan LaRock, a citizen and resident of Warren County, New York.

## PARTIES

5. The Plaintiff, Fidanka Lazoroski, is a citizen and resident of the State of New Jersey.

6. The Plaintiff, Zoran Lazoroski, is a citizen and resident of the State of New Jersey.

7. Defendant DeSantis Enterprises, Inc. ["DeSantis"] is a New York Corporation, conducting business and doing business in the State of New York with its corporate headquarters and principal place of business located at Warren County, New York and is the citizen of the State of New York.

8. At all times material herein, Defendant DeSantis did business under the name of "Howard Johnson's Restaurant."

9. Defendant Jonathan LaRock ["LaRock"] is a citizen and resident of the State of New York, residing in Warren County, State of New York.

10. Defendant Bill Sullivan ["Sullivan"] is a citizen and resident of the State of New York, residing in Warren County, State of New York.

11. Defendant DeSantis, at all times material herein is the record owner of a parcel of property located on 2143 State Route 9, Lake George, New York 12845 [the "Property"].

12. At all times material hereto, the "Property" included a parking lot which is part and parcel of the property [hereinafter referred to as the "Parking Lot"].

13. The "Parking Lot" is adjacent to the "Howard Johnson's Restaurant" on the "Property" as depicted in Exhibit "A."



**EXHIBIT "A" Google Maps Arial View of Premises & Parking Lots**

14. Upon information and belief and at all times herein mentioned, Defendant "LaRock" was the leasee of the "Property," which included the "Parking Lot."

15. Upon information and belief and at all times herein mentioned, Defendant "Sullivan" was the leasee of the property, which included the "Parking Lot" located on the "Property."

16. Upon information and belief and at all times herein mentioned, Defendant "DeSantis:"

    a. Owned the "Property," which included the "Parking Lot" located on the "Property."

    b. Leased the "Property," which included the "Parking Lot" located on the "Property."

    c. Operated the "Property," which included the "Parking Lot" located on the "Property."

    d. Managed the "Property," which included the "Parking Lot" located on the "Property."

    e. Controlled the "Property," which included the "Parking Lot" located on the "Property."

17. Upon information and belief and at all times herein mentioned, Defendant "LaRock" managed and controlled the property, which included the "Parking Lot" located on the "Property."

18. Upon information and belief and at all times herein mentioned, Defendant "Sullivan" managed and controlled the property, which included the "Parking Lot" located on the "Property."

19. Upon information and belief and at all times herein mentioned, Defendant "DeSantis" operated the property, which included the "Parking Lot" located on the "Property."

20. Upon information and belief and at all times herein mentioned, Defendant "LaRock" operated the property, which included the "Parking Lot" located on the "Property."

21. Upon information and belief and at all times herein mentioned, Defendant "Sullivan" operated the property, which included the "Parking Lot" located on the "Property."

22. Defendant "DeSantis" was under a duty to keep the "Property" which included the "Parking Lot" located on the "Property" in a proper, safe and in a condition free from traps, hazards and defects.

23. Defendant "LaRock" was under a duty to keep the "Property," which included the "Parking Lot" located on the "Property" in a proper, safe and in a condition free from traps, hazards and defects.

24. Defendant "Sullivan" was under a duty to keep the "Property," which included the "Parking Lot" located on the "Property" in a proper, safe and in a condition free from traps, hazards and defects.

25. At all times hereinafter mentioned, Defendant "DeSantis" operated a commercial establishment that served food to patrons and the public, and invited same to the subject premises and "Parking Lot" located at the "Property."

26. At all times hereinafter mentioned, Defendant "LaRock" operated a commercial establishment that served food to patrons and the public, and invited same to the subject premises and "Parking Lot" located at the "Property."

27. At all times hereinafter mentioned, Defendant "Sullivan" operated a commercial establishment that served food to patrons and the public, and invited same to the subject premises and "Parking Lot Located" at the "Property."

28. At all times hereinafter mentioned, Defendant "DeSantis" operated a commercial establishment doing business under the name "Howard Johnson's Restaurant" that served food to patrons and the public, and invited same to the subject premises and "Parking Lot" located at the "Property."

29. At all times hereinafter mentioned, Defendant "LaRock" operated a commercial establishment doing business under the name "Howard Johnson's Restaurant" that served food to patrons and the public, and invited same to the subject premises and "Parking Lot" located at the "Property."

30. At all times hereinafter mentioned, Defendant "Sullivan" operated a commercial establishment doing business under the name "Howard Johnson's Restaurant" that served food to patrons and the public, and invited same to the subject premises and "Parking Lot" located at the "Property."

31. Defendant "DeSantis" was under a duty to keep the "Property," which included the "Parking Lot" located on the "Property" in a proper, safe and in a condition free from traps, hazards and defects.

32. Defendant "LaRock" was under a duty to keep the "Property," which included the "Parking Lot" located on the "Property," in a proper, safe and in a condition free from traps, hazards and defects.

33. Defendant "Sullivan" was under a duty to keep the "Property," which included the "Parking Lot" located on the "Property" in a proper, safe and in a condition free from traps, hazards and defects.

34. Prior to December 27, 2020, snow and ice had accumulated on the "Property" and the "Parking Lot."

35. Defendants permitted and allowed snow and ice to accumulate on the "Property" and on the "Parking Lot" on and before December 27, 2020.

36. On December 27, 2020, there was an accumulation of snow and ice on the "Property" and the "Parking Lot."

37. On and the day before December 27, 2020, the average temperature at the location of the "Property" and "Parking Lot" was below the freezing temperature of water.

38. Defendants knew or should have known there was snow and ice accumulated on the location of the "Property" and the "Parking Lot."

39. Defendants knew or should have known the existence of the accumulation of snow and ice on the "Property" and the "Parking Lot" constituted a danger to patrons, such as the Plaintiff, Fidanka Lazoroski.

40. Defendants, their agents, servants and/or employees had an obligation to for the maintenance, operation, design, repair, and design of the subject premises, and more specifically the "Parking Lot" on the "Property" and to keep the "Parking

Lot" free from known dangers and defects, including but not limited to the accumulation of snow and ice.

41. On December 27, 2020, Defendants allowed, permitted and/or otherwise created the accumulation of snow and ice in the "Parking Lot" of said "Property," there was an as depicted in Exhibit "B," which snow and ice constituted a dangerous and defective condition.



**EXHIBIT "B" View of Location on date where the Plaintiff fell**

42. On December 27, 2020, while the Plaintiff, Fidanka Lazoroski was lawfully walking in the "Parking Lot" on the said Property at "2143 State Route 9, Lake George, New York 12845, she was caused to slip, trip and fall due to an accumulation of snow and ice in the "Parking Lot" of said "Property," which snow and ice constituted a dangerous and defective condition.

**PLAINTIFF FIDANKA LAZOROSKI'S CLAIM FOR RELIEF**

43. The Plaintiff, Fidanka Lazoroski repeats and re-alleges each and every allegation contained in paragraphs "1" through "42" of the Complaint as if more fully set forth herein.

44. At all times hereinafter mentioned the parking lots adjacent thereto to the "Howard Johnson's Restaurant" served as a public thoroughfare for patrons.

45. The subject accident was caused by the negligence, carelessness and recklessness of Defendants, their agents, servants and/or employees in their operation, repair, maintenance and design of the subject premises, and more specifically the "Parking Lot" on the "Property." Defendants' negligence further included, but is not limited, to their failure to remove, treat or otherwise warn patrons, such as the Plaintiff, Fidanka Lazoroski of said dangerous condition.

46. The Plaintiff, Fidanka Lazoroski was caused to slip, trip and fall due to Defendants' negligence and failure to properly maintain, operate and design the subject Premises and "Parking Lot," including, but not limited to, maintaining and operating it in a condition dangerous to persons lawfully using it, such as the Plaintiff, Fidanka Lazoroski, so as to constitute a menace and dangerous condition to the Plaintiff and other pedestrians. Defendants knew, or by exercise of due care, should have known, of the dangerous conditions and nuisance created thereon, including, but not limited to the accumulated of snow and ice, the failure to provide alternate means of accessing the "Howard Johnson's Restaurant" from the "Parking Lot," failing to provide warnings to patrons, such as the Plaintiff, Fidanka Lazoroski, regarding the accumulated snow and ice, thereby rendering the

      "Property" to remain or become an unsafe and dangerous condition, to patrons, such as the Plaintiff, Fidanka Lazoroski.

47. By reason of the foregoing negligent conduct, the Plaintiff, Fidanka Lazoroski sustained serious bodily injuries and accompanying pain and suffering, and is prevented from attending to her usual activities and duties.

48. The within action falls under one or more of the exceptions contained in Section 1602 of the New York CPLR.

49. As a result of the foregoing, the Plaintiff, Fidanka Lazoroski has been damaged in a sum which exceeds the subject matter jurisdictional threshold of this Court, but in no event less that FIVE MILLION ($5,000,000.00) DOLLARS.

### PLAINTIFF ZORAN LAZOROSKI'S CLAIM FOR RELIEF

50. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "42" and "44" through "49" of the Complaint as if more fully set forth herein.

51. At all times hereinafter mentioned, the Plaintiff Zoran Lazoroski was the lawful spouse of the Plaintiff, Fidanka Lazoroski.

52. As a result of the injuries sustained by the Plaintiff, Fidanka Lazoroski, this Plaintiff has been deprived of the services and consortium of his wife, and has had to provide extra services to his wife due to her injuries.

53. As a result of the foregoing, the Plaintiff, Zoran Lazoroski, has been damaged in a sum which exceeds the subject matter jurisdictional threshold of this Court, but in no event less that ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, Plaintiffs respectfully pray this Court for a judgment in an amount to be determined by this Court, which amount is over the jurisdictional threshold of 28 USC § 1332 of $75,000.00 as against the Defendants, jointly and severally as follows:

    a.    FIVE MILLION ($5,000,000.00) DOLLARS on the Claim for Relief on behalf of the Plaintiff, Fidanka Lazoroski, as compensatory damages as well as costs, fees disbursements;

    b.    ONE MILLION ($1,000,000.00) DOLLARS on the Claim for Relief on behalf of the Plaintiff, Zoran Lazoroski , as compensatory damages as well as costs, fees disbursements.

Dated:  New York, N.Y.
         August 25, 2023

Yours, etc.,
THE LAW OFFICES OF
KRISTINA C. IVTINDZIOSKI, LLC
s/*Matthew A. Kaufman*
By: Matthew A. Kaufman - (MK 0598)
Local Trial Counsel
Attorneys for Plaintiff
225 Broadway - Suite 1606
New York, N.Y. 10007
Tel. No. (212) 619-2200
**ALTERNATE COVID-19 ADDRESS**
P.O. Box 337
Woodridge, N.Y. 12789-0337
MAK File No.       15,649.101

## ATTORNEY VERIFICATION

STATE OF NEW YORK, COUNTY OF NEW YORK           ) ss.:

**MATTHEW A. KAUFMAN, ESQ.,** an attorney duly admitted to practice in the Courts of the State of New York does state and say under penalty of perjury, pursuant to CPLR 2106, that:

1. I am the attorney of record for the Plaintiffs for the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by my client because she resides in a different county from where I maintain my office.

2. The grounds of my belief as to all matters not stated upon my own knowledge are based upon information obtained from my client, my own investigation and information contained in the firm's file.

Dated: August 25, 2023

s/ *Matthew A. Kaufman*
Matthew A. Kaufman

**Docket No.**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**FIDANKA LAZOROSKI and ZORAN LAZOROSKI,**

                                                                          **PLAINTIFFS,**

                                  **-against-**

**DESANTIS ENTERPRISES, INC. D/B/A HOWARD JOHNSON'S RESTAURANT, JONATHAN LAROCK AND BILL SULLIVAN,**

                                                                        **DEFENDANTS.**

COMPLAINT

**THE LAW OFFICES OF**
**KRISTINA C. IVTINDZIOSKI, LLC**
**BY LOCAL COUNSEL**
**MATTHEW A. KAUFMAN**
ATTORNEYS FOR PLAINTIFFS
225 BROADWAY - SUITE 1606
NEW YORK, N.Y. 10007
TEL. NO. (212) 619-2200
CELL NO. (917) 319-5665
MAKAUFMAN01@YAHOO.COM
MAK FILE NO.    15,649.101
**ALTERNATE COVID-19 ADDRESS**
P.O. BOX 337
WOODRIDGE, N.Y. 12789-0337